Citation Nr: AXXXXXXXX
Decision Date: 05/27/21 Archive Date: 05/27/21

DOCKET NO. 200501-81272
DATE: May 27, 2021

REMANDED

Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to service-connected right shoulder disorder, is remanded.

Entitlement to service connection for a left shoulder disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

Entitlement to service connection for a cervical spine disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

Entitlement to service connection for a thoracolumbar disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

Entitlement to service connection for a bilateral knee disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from December 1969 to April 1971.

The rating decision on appeal was issued in April 2020; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. In the May 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, as the April 2020 rating decision was a higher-level review of a July 2019 rating decision, the Board may only consider the evidence of record at the time of the July 2019 Agency of Original Jurisdiction (AOJ) decision. 38 C.F.R. § 20.301.

1. Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to service-connected right shoulder disorder, is remanded.

2. Entitlement to service connection for a left shoulder disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

3. Entitlement to service connection for a cervical spine disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

4. Entitlement to service connection for a thoracolumbar disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

5. Entitlement to service connection for a bilateral knee disorder, to include as secondary to a service-connected right shoulder disorder, is remanded.

Under AMA, the Board must remand to the AOJ to correct pre-decisional duty to assist errors. VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 189-90 (Jan. 18, 2019) (codified at 38 C.F.R. § 20.802(a).

The claims file contains evidence that the Veteran receives Social Security Administration (SSA) disability. See March 2004 Veteran Statement. However, prior to promulgating the April 2020 rating decision, the AOJ did not attempt to obtain the relevant SSA records. Consequently, a remand is needed to correct this pre-decisional duty-to-assist error by obtaining the complete SSA record.

The Veteran also underwent April 2019 VA examinations for the issues on appeal. However, the April 2019 VA examiner did not offer an opinion as to whether any issues on appeal are directly related to the Veteran's service. Additionally, in determining the Veteran's diagnosed acquired psychiatric disorder was less likely than not related to his service-connected right shoulder disorder, the examiner noted that the Veteran had multiple stressors in addition to shoulder pain. Nevertheless, this opinion did not adequately address whether the Veteran's right shoulder disorder aggravated his diagnosed acquired psychiatric disorder. 

Accordingly, a remand is needed to correct these pre-decisional duty-to-assist errors.

The matters are REMANDED for the following actions:

1. Obtain all medical and legal records pertaining to the Veteran's SSA disability claim.

2. Obtain a VA medical opinion from an appropriate examiner to address the nature and etiology of any diagnosed acquired psychiatric disorders, including depressive disorder. The examiner should answer the following questions:

(a) Is it at least as likely as not (i.e., a 50 percent or greater possibility) that any acquired psychiatric disorder occurred in or is otherwise etiologically related to the Veteran's military service,

(b) Is it at least as likely as not (i.e., probability of 50 percent or greater) that the Veteran's service-connected right shoulder disorder caused or aggravated (a medically discernible increase in functional impairment e.g. increase in the severity, frequency or duration of symptoms or additional functional impairment beyond the expected baseline impairment) any diagnosed acquired psychiatric disorder, including depressive disorder? 

In rendering the above opinion, the examiner should consider and discuss the April 2019 VA examiner's opinion that appears to indicate shoulder pain is among multiple stressors for the Veteran's acquired psychiatric disorder.

If an examination is needed, one should be scheduled. A complete rationale must be provided for any opinions offered.

3. Obtain a VA medical opinion from an appropriate examiner to address the nature and etiology of the Veteran's orthopedic disorders, including a left shoulder disorder, cervical spine disorder, thoracolumbar spine disorder, and bilateral knee disorders. The examiner should answer the following questions:

(a) Is it at least as likely as not (i.e., 50 percent or greater possibility) that the Veteran's diagnosed left shoulder disorder is etiologically related to military service, to include the rigors of military service? 

(b) Is it at least as likely as not (50 percent or greater possibility) that the Veteran's diagnosed cervical spine disorder is etiologically related to military service, to include the rigors of military service? 

(c) Is it at least as likely as not (50 percent or greater possibility) that the Veteran's diagnosed thoracolumbar spine disorder is etiologically related to military service, to include the rigors of military service? 

(d) Is it at least as likely as not (50 percent or greater possibility) that the Veteran's diagnosed bilateral knee disorders are etiologically related to military service, to include the rigors of military service? 

In answering these questions, the examiner should note that the April 2019 VA examiner diagnosed the Veteran with left shoulder arthritis; degenerative arthritis of the cervical and lumbar spine and upper extremity radiculopathy; and bilateral knee arthritis; and address the following:

 service treatment records indicating back pain and tenderness (see, e.g., October and December 1970 Service Treatment Records);

 April 1971 separation examination indicating no relevant issues;

 the Veteran's consistent report of back pain after discharge from service (see June 1972, June 1973, and February 1974 Annual Medical Report; February 1974 Annual Medical Examination); and

 the Veteran's in-service accident that occurred when a 320-pound boat sling dropped 20 feet, striking the Veteran in his back and dislocating his right shoulder. See August 1997 and July 2000 Veteran and Lay Statements. 

(Continued on the next page)

 

If any examinations are needed, each one should be scheduled. A complete rationale must be provided for any opinions offered.

 

 

PAUL E. METZNER

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board C. Howell, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.